## G. B. C. MORRIS, ET AL., *v.* PRESTON BROS.

### Conveyance to Defraud Creditors—Secret Trust for the Wife.

Where the husband receives money from his wife and buys real estate, taking conveyances in his own name, and sells the same, his wife joining in the deed, and buys other real estate, taking title the same way, and becomes indebted on the strength of such property, the real estate deals being ratified by the wife joining in conveyances, neither he nor his wife can assert that he holds the real estate for the wife, and a conveyance to the wife will be set aside at the instance of the husband's creditors.

APPEAL FROM HICKMAN COURT OF COMMON PLEAS.

June 6, 1878.

OPINION BY JUDGE ELLIOTT:

These suits were brought by Preston Brothers and Stratton & Bird to set aside a deed made by Case and wife to appellants, G. B. C. Morris's wife, Mrs. E. A. Morris, on the ground that the land so deeded was purchased and paid for by the husband, and the deed

procured to be made to the wife with the fraudulent intent to cheat, hinder and delay the appellees and others of his creditors in the collection of their debts, and that the collection of appellees' debts would be endangered by the delay arising in the prosecution of the husband to insolvency.

It appears from the proof (the fraud being denied by appellants) that Mrs. Morris inherited from her father 200 acres of land, and by agreement with her husband he was to sell it and invest the proceeds in real estate in Kentucky. The land was sold as far back as 1869, and shortly thereafter appellants came to Hickman county, where the husband with the wife's money as his own after a time bought a store house and store in Alexandria, where he prosecuted the mercantile business, all the time holding out to the world that he was doing business on his own capital; and during his business career he bought a tract of land and had the deed made to himself, and he also had the deed to the house and lot in which he was selling goods made to himself, all of which must have been known by his wife. In 1875 he became indebted to the appellees, Preston Brothers, over $300, and Stratton & Bird about $200, for goods with which to recruit his store. In the spring of 1875 he exchanged his store goods and store house with Case for a farm of 84½ acres of land in Hickman county.

It seems that after the purchase by Case, and whilst he and appellant, G. B. C. Morris, were invoicing the goods, Preston Brothers sent their agent to Morris for the amount due them, who threatened to attach the goods if the sale was not abandoned, and thereupon Morris took him to one side and promised to make to Preston Brothers a mortgage as soon as he got a deed to the Case tract of land, and by that means got rid of their agent, when he had the deed to the Case tract of land made to his wife; and then it is stated for the first time that his wife's land in Tennessee had been sold on his promise to reinvest the proceeds in real estate in this state.

He swears himself that he had used all the funds he and his wife brought to Kentucky publicly and notoriously as his own, and that he had bought real estate several times before the purchase from Case, and each time had the deed made directly to himself. Mr. Case proves that $540 of the price of the land purchased from him by the husband and deeded to the wife were paid in goods, and according to other evidence those were the very same goods sold

on credit to the husband, and which created the debt which by this suit the appellees are seeking to collect.

If the story of appellant, G. B. C. Morris, is true that he was all the time holding the money of his wife in trust, then he was for five years, by dealing with these funds as his own, obtaining a delusive credit on the faith of them, and that, too, in his wife's presence and with her sanction.

Having used these funds with the sanction of his wife as his own, and on the faith of them obtained credit for five years by purchasing and selling land and personal property in his name, which sales were ratified by his wife by joining him in the real estate conveyances of land so bought in his own name, we feel constrained to hold that the deed to the wife, Mrs. E. A. Morris, was as to the appellees fraudulent and void. To hold otherwise would be to sanction a gross fraud. The wife, by sanctioning the use of her funds by her husband as his own for five years, was by her silence enabling her husband to commit a fraud if the story of her husband be true, and we therefore prefer the conclusion to which the conduct of both of the appellants lead, that she had sold her land in Tennessee and given her husband the money to use at his discretion, but to be reinvested for her before her husband's death.

Besides, about half the purchase price of the Case tract of land consisted of goods for which appellant, B. G. C. Morris, owed the very debts involved in this suit. Under these circumstances if his wife has any equity it cannot prevail over these creditors

Wherefore the judgment is *affirmed.*

*W. R. Bradley, for appellants. G. W. Griffey, for appellees.*